# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| EUGENE C. GAMBRELL and DORIS M. GAMBRELL,<br><br>*Plaintiffs,*<br><br>v.<br><br>SOUTH BRUNSWICK BOARD OF EDUCATION,<br><br>*Defendant.* | Civil Action No.: 18-cv-16359 (PGS)(ZNQ)<br><br>**MEMORANDUM AND ORDER** |

**SHERIDAN, U.S.D.J.**

This matter comes before the Court on Defendant South Brunswick Board of Education's ("Defendant") Motion to Dismiss the Amended Complaint. (ECF No. 17). For the reasons stated herein, Defendant's motion to dismiss is granted without prejudice.

### BACKGROUND

*Pro se* Plaintiffs Eugene C. Gambrell and Doris M. Gambrell (together, "Plaintiffs") filed this action against Defendant on November 20, 2018. (ECF No. 1). The gravamen of Plaintiffs' initial complaint was that Defendant "allowed others . . . to carry out all types of illegal practices on both Plaintiffs." (Complaint at 4, ECF No. 1). On March 29, 2019, Plaintiff filed an Amended Complaint, which is substantially similar to their initial Complaint. (*Cf.* Amended Complaint, ECF No. 16 *with* Complaint, ECF No. 1).

According to the Amended Complaint, this Court has subject matter jurisdiction over this matter because of the alleged causes of action arising under Title VII of the Civil Rights Act of

1964, the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the U.S. Constitution, 42 U.S.C. §§1983, 1985, and 42 U.S.C. § 2000e-5(g). (*See* Amended Compl. at 3).

Plaintiff Eugene Gambrell is a "Black American Male of the age of seventy seven." (*Id.* at 11). Plaintiff Doris Gambrell is a "Black American Female of the age of seventy one." (*Id.*) Plaintiffs were employed as school bus drivers by First Student, Inc. ("First Student"). Plaintiffs were drivers assigned to the South Brunswick School District for twelve years. (*Id.*).

Plaintiffs' Amended Complaint is not clearly stated. Plaintiffs seems to allege that Defendants, as well as other unidentified parties, engaged in conduct that constituted a "Breach of Contract, Deliberate Negligences, Conspiracy to Commit Legal Fraud to Band and throw both [Plaintiffs] out of South Brunswick District without any form of Legal Authority or Means, but by their own means of Discrimination, Favoritism, Unfair and Illegal Practices and Procedures, and Discrimination of Religion and Harrass[ment]." (*Id.* at 4-5). The Amended Complaint also makes scattered references to other state law causes of actions, including slander, defamation of character, and discrimination under state law. (*Id.* at 3, 5). Plaintiffs allege that as a result of Defendant's actions, including Defendant's purported "black balling," Plaintiffs were deprived of work opportunities in the State of New Jersey. (*Id.* at 5, 10).

Perhaps in their most serious allegations, Plaintiffs allege that they were discriminated against based on their "age, color and religion." (*Id.* at 7, 10-11). Although these allegations are difficult to understand, from the best the Court can tell, Plaintiffs appear to allege that Defendant failed to properly oversee students who were riding the bus, as well as permitted the "Bullying of . . . both Plaintiffs." (*Id.* at 6). As to the former, Defendant purportedly allowed students "to open the back Emergency Door and jump out of the bus . . . each and every year." (*Id.*). Rather than

remedy these problems, Defendant allegedly "use[d] illegal means to Injure and Destroy [Plaintiffs] by further discrimination based on their age, color, and religion." (*Id.* at 6-7).

The Amended Complaint also repeats Plaintiffs' allegation in the initial Complaint that they are whistleblowers because of their knowledge that Defendant failed "to Administrate Correct Education and Disciplinary Actions." (*Id.* at 6). No other allegations in the Amended Complaint purport to relate to their whistleblower status or that Plaintiffs suffered an adverse employment action due to being whistleblowers. However, on October 2, 2019, Plaintiffs stated on the record that they were "banned" from driving school busses in South Brunswick after making complaints to Defendant regarding, *inter alia*, students jumping off the back of their busses. After being "banned" from South Brunswick, Plaintiffs stated that they could not obtain employment as school bus drivers anywhere else in New Jersey.

The U.S. Equal Employment Opportunity Commission ("EEOC") allegedly issued Plaintiffs Notices of Right to Sue on September 17, 2018 and September 19, 2018. (*Id.* at 4). Plaintiffs' contend that the Notice evidence wrongdoing and support the viability of their claims. (*See* ECF No. 20). The EEOC Notice of Right to Sue has not been annexed to any of Plaintiffs' filings.

Plaintiff is seeking punitive damages due to Defendants' intentional, willful, wanton, malicious, and oppressive conduct. (Amended Compl. at 8). They are also seeking an order that they "be allowed to Drive in the South Brunswick District for any Bus Company that has runs in South Brunswick District." (*Id.*). Defendant is seeking dismissal of the Amended Complaint on the grounds that Plaintiffs again failed to adequately plead a plausible claim upon which relief can be granted.

## Legal Standard

On a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the Court is required to accept as true all allegations in the Amended Complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-moving party. *See Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While a court will accept well-pleaded allegations as true for the purposes of the motion, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *Iqbal*, 556 U.S. at 678-79; *see also Morse v. Lower Merion School District*, 132 F.3d 902, 906 (3d Cir. 1997). A complaint should be dismissed only if the well-pleaded alleged facts, taken as true, fail to state a claim. *See In re Warfarin Sodium*, 214 F.3d 395, 397-98 (3d Cir. 2000). The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail. *Semerenko v. Cendant Corp.*, 223 F.3d 165, 173 (3d Cir. 2001). "The pleader is required to 'set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist.'" *Kost v. Kozakewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (quoting 5A Wright & Miller, *Fed. Practice & Procedure: Civil* 2d § 1357, at 340 (2d ed. 1990)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks and citation

omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact), . . . ." *Id.*

Where, as here, the plaintiff is proceeding *pro se*, the Court should read the complaint generously and hold it "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted).

ANALYSIS

Again, the Amended Complaint falls well short of satisfying Fed. R. Civ. P. 8's pleading requirements. *See Iqbal*, 556 U.S. at 677-78 (citation omitted) ("Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'"). Even accepting all of the factual allegations in the Amended Complaint as true, Plaintiffs fail to "state a claim to relief that is plausible on its face." *Id.* at 678 (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). Here, Plaintiffs' "[Amended] [C]omplaint lacks any facts to explain the who, what, where, when and why of plaintiff's dissatisfaction[,]" and therefore "wholly fails to comply with *Twombly/Iqbal* and Federal Rule of Civil Procedure 8(a)." *Schulsinger v. Perchetti*, No. CV 15-5752 (NLH/AMD), 2016 WL 475303, at *2 (D.N.J. Feb. 8, 2016).

For example, from the best the Court can tell, Plaintiffs allege *no* facts supporting their claims for: (i) defamation (Amended Compl. at 5); (ii) slander (*id.*); (iii) "Deliberate Negligences" (*id.* at 4); (iv) "Conspiracy to Commit Legal Fraud" (*id.*); (v) "Favoritism" (*id.* at 5); (vi) "Unfair and illegal Policies and Procedures" (*id.*); and (vii) violations of the First and Fourteenth Amendments (*id.* at 3, 5), among others. Moreover, Plaintiffs' conclusory allegations that

Defendant somehow breached unidentified "Agreement, Policies, [and/or] Representations" fall woefully short of stating a claim for breach of contract. (*Id.* at 4, 7). Accordingly, all of these claims must be dismissed

Plaintiffs' also fail to plead enough facts to support their claim of employment discrimination based on their race, religion, and age. To state a claim for discrimination based on their race or religion under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, or the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. 10:5-1 *et seq.*, Plaintiffs are required to establish that: (i) they are members of a protected class; (ii) they were qualified for their school bus driver positions; (iii) they suffered adverse employment actions; and (iv) that the circumstances gave rise to inferences of unlawful discrimination such as might occur when other similarly situated persons are not treated adversely. *See Tourtellotte v. Eli Lilly & Co.*, 636 F. App'x 831, 842 (3d Cir. 2016); *Hashem v. Hunterdon Cty.*, No. CV158585FLWDEA, 2016 WL 5539590, at *12 (D.N.J. Sept. 29, 2016). Similarly, to state a claim for age discrimination under federal and state law under these circumstances,[1] Plaintiffs are generally required to plead facts sufficient to show that (i) they were member of the protected class (*i.e.*, over the age of 40); (ii) they were qualified for the school bus driver positions; (iii) they suffered adverse employment decisions; and (iv) and the Defendant ultimately filled the position with a person sufficiently younger to permit an inference of age discrimination. *Acevedo v. Monsignor Donovan High Sch.*, 420 F. Supp. 2d 337, 341 (D.N.J. 2006); *DeSantis v. New Jersey Transit*, No. CV 14-3578

---

[1] The Amended Complaint is unclear whether Plaintiffs allege violations under the federal age discrimination law, that is, the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 623(a), or the NJLAD. Given Plaintiffs' *pro se* status, the Court will attempt to glean a cause of actions arising under federal or state law.

(KM)(MAH), 2017 WL 5050039, at *5 (D.N.J. Nov. 3, 2017), *aff'd*, 756 F. App'x 197 (3d Cir. 2019).

Here, Plaintiffs allege that they were "Black Americans" over the age of 40. (Amended Compl. at 11). Accordingly, they sufficiently allege the first element of a *prima facie* cause of action under Title VII. However, Plaintiffs fail to plead any facts to support all of the other elements of their claim. Perhaps most troubling are Plaintiffs' statements on the record that First Student, not Defendant, was their employer. Thus, at this point, it is impossible for the Court to discern: (1) whether Defendant shared any form of employment-based relationship with Plaintiffs, or (2) whether Defendant subjected them to adverse employment actions that give rise to inferences of unlawful discrimination based on their age, race, or religion. *See Benoit v. Med. Ctr. of Delaware Christiana Hosp.*, No. CIV. A. 94-6945, 1995 WL 3668, at *1 (E.D. Pa. Jan. 3, 1995) (dismissing *pro se* complaint alleging Title VII discrimination against a hospital that was not plaintiff's employer and did not share any employment-based relationship with plaintiff). At bottom, Plaintiffs have failed to make out a *prima facie* discrimination case under Title VII.

## NOTICES OF RIGHT TO SUE

Plaintiffs allege that they received Notices of Right to Sue from the EEOC in September 2018. (Amended Compl. at 4). In sur-reply, Plaintiffs' argue that Defendant's motion to dismiss must be denied due to the issuance of the Notices. (ECF No. 20). Defendant is correct that this argument is meritless. (*See* ECF No. 23).

"Before filing a complaint in federal court under Title VII of the Civil Rights Act of 1964 ("Title VII"), a plaintiff must file a charge of discrimination with the EEOC and obtain a 'right to sue' [Notice] from the [EEOC]." *Hightower v. Roman, Inc.*, 190 F. Supp. 2d 740, 747 (D.N.J. 2002). Notices of Right to Sue "indicate[ ] that the complainant exhausted his or her

administrative remedies." *Id.* at 748. They do not constitute findings of fact, nor validate the complainant's allegations. Moreover, Plaintiffs do not cite any case law stating that the mere issuance of a Notice of Right to Sue can be used to defeat a motion to dismiss. Accordingly, the Court will not deny Defendant's motion in light of the Notices of Right to Sue.

### Further Amendment is Warranted

Despite the foregoing, the Court will afford Plaintiffs another opportunity to amend their complaint to set forth a "short and plain statement . . . showing that [Plaintiffs] [are] entitled to relief." *See Iqbal*, 556 U.S. at 677-78 (citation omitted). On October 2, 2019, Plaintiffs explained on the record that they made complaints to Defendant about, *inter alia*, students jumping off the back of the school busses that they operated, which they perceived to be a safety risk. As a result of their complaints to Defendant, Plaintiffs allege that they were "banned" from driving in South Brunswick and could not thereafter find employment as bus drivers anywhere in New Jersey. These circumstances were not apparent from the Amended Complaint. Given Plaintiffs' *pro se* status, the Court shall grant Plaintiffs an opportunity to amend their complaint to flesh out these allegations by, among other things, explaining in an amended complaint the "who, what, where, when and why" of their claim.

Moreover, on October 7, 2019, Defendant submitted a letter to the Court attached a letter from Plaintiffs dated October 3, 2019. (ECF No. 32). In their October 3, 2019 letter, Plaintiffs seek "leave to submit certain documents" to substantiate their claims, including documents sufficient to show "patterns of discrimination etc." (*Id.*). The letter also indicates that certain documents may implicate "Patricia Bunnell of the Board of South Brunswick." (*Id.*). In light of the letter, the Court further believes that Plaintiffs should be afforded an opportunity to amend their complaint to bolster their claims with the information referenced therein. Plaintiffs may

further explain the "who, what, where, when and why" of their discrimination claim, and how it relates the whistleblower claims. In addition, Plaintiff may attach any documents that they feel are germane to the allegations added to their amended complaint.

## CONCLUSION

For all these reasons, Defendant's Motion to Dismiss (ECF No. 17) is granted without prejudice. Plaintiffs shall have thirty days from the date of the order accompanying this memorandum to file a second amended complaint to cure the pleading deficiencies discussed herein. In particular, as stated above, the second amended complaint needs to set forth basic, non-conclusory facts that plausibly state a cause of action.

## ORDER

Having carefully reviewed and taken into consideration the submissions of the parties, as well as the arguments and exhibits therein presented, and for good cause shown, and for all of the foregoing reasons,

**IT IS** on this 15 day of October, 2019,

**ORDERED** that Defendant's Motion to Dismiss the Amended Complaint (ECF No. 17) is **GRANTED** without prejudice; and is further

**ORDERED** that Plaintiffs shall serve and file a second amended complaint within thirty days of this order.

_____
PETER G. SHERIDAN, U.S.D.J.