UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

EUGENE C. GAMBRELL, *et al.*,

    *Plaintiffs*,

v.

SOUTH BRUNSWICK BOARD OF EDUCATION,

    *Defendant*.

Civil Action No.: 18-cv-16359 (PGS)(ZNQ)

**MEMORANDUM AND ORDER**

**SHERIDAN, U.S.D.J.**

This matter comes before the Court on Defendant South Brunswick Board of Education's ("Defendant" or the "School Board") motion to dismiss the Second Amended Complaint ("SAC"). (ECF No. 36). In this motion, the School Board seeks dismissal of *pro se* Plaintiffs Doris and Eugene Gambrell's (together, "Plaintiffs") thirteen-count complaint on the grounds that it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). For the reasons stated herein, the School Board's motion is granted in part and denied in part.

**I.**

Plaintiffs[1] were bus drivers in the South Brunswick school district, but not employees of the School Board. Rather, Plaintiffs were employed by First Student, which is not a party to this action. (*See* SAC ¶¶ 5, 9; *see also* ECF No. 35-3). Plaintiffs aver that the School Board had "total jurisdiction over all of First Student bus runs." (*Id.* ¶ 5).

---

[1] Plaintiffs allege that they are members of a protected class. (SAC at 4). Although the SAC does not clearly plead which protected class (or classes), the prior version of the complaint filed in March 2019 describes Plaintiff Doris Gambrell as a "Black American Female of the age of seventy one" and Plaintiff Eugene Gambrell as a "Black American Male of the age of seventy seven." (Amended Complaint at 11, ECF No. 16).

Mrs. Gambrell alleges that during her employment at First Student, she was a "steward" responsible for communicating with the School Board and, in particular, its employee Patricia Bunnell[2] to resolve unspecified "grievances." (*See id*. ¶ 4). While the SAC is not clearly pled, Mrs. Gambrell seems to allege that for at least three years, the School Board and Ms. Bunnell "did not appreciate [sic] [Mrs. Gambrell] questioning grievance[s] made by . . . drivers [who] were all Black." (*Id*. ¶ 6). She alleges that these "Black" bus drivers were "taken off their runs . . . by Ms. Bunnell . . . [without] any explanation." (*Id*.).

Moreover, Mrs. Gambrell alleges that "[s]ince 2016, 2017, 2018 [Mrs. Gambrell] complained to [the School Board] about students opening the emergency door on the bus and jumping out while the bus was moving, and the consistent writing up of students, especially [sic] one student for thirty five times within the year, and nothing was done about it." (*Id*. ¶ 7). Rather than correct these issues, Ms. Bunnell purportedly "harassed" Mrs. Gambrell for reporting them. (*Id*.). Mrs. Gambrell does not plead how she was allegedly harassed by Ms. Bunnell. She does, however, allege that when Mrs. Gambrell subsequently advised Ms. Bunnell that she "was going to take [her] concerns" about the children jumping off of the bus "outside of the Board of Education," Mrs. Gambrell was removed from her bus route the next day. (*Id*. ¶ 8). Mrs. Gambrell's bus route was allegedly reassigned by First Student to an individual of "young Indian decent." (*Id*.).

Mr. Gambrell was removed from his bus route one week after Mrs. Gambrell, and the route was allegedly reassigned to a younger, Caucasian female. (SAC ¶ 11). Plaintiffs allege that Mr. Gambrell was removed over false accusations that he fled the scene of a car accident while driving a school bus. (*Id*.). There was no record or police report to this effect. (*Id*.).

---

[2] Ms. Bunnell is not a party to this action.

The SAC appears to address two separate matters, as each Plaintiff alleges different facts concerning his or her removal from their respective bus route. As set forth above, however, there are commonalities between Plaintiffs' claims. That is, Mr. and Mrs. Gambrell were both school bus drivers for First Student in the School Board's district, and the School Board employee who allegedly caused their removals was the same. Plaintiffs' removals also occurred in close temporal proximity to each other. Each Plaintiff alleges approximately thirteen causes of action; but the most significant claims assert discrimination based on race and age.[3]

## II.

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss an action for failure to state a claim upon which relief can be granted. When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). In other words, a complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A court conducts a three-part analysis to make this determination. *See Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Id.* (quoting *Iqbal*, 556 U.S. at 675). Second,

---

[3] In September 2018, the Equal Employment Opportunity Commission ("EEOC") issued Plaintiffs "right-to-sue" letters. (SAC at 3). Generally, the EEOC issues such right-to-sue letters when the EEOC sees no reason to take action on a complaint filed with the EEOC. The issuance of the right-to-sue letters permitted Plaintiffs to file this action in federal court. However, the issuance of the right-to-sue letters does not relieve Plaintiffs of their obligation to set forth a plausible claim for relief in their complaint, in order to avoid dismissal at this stage of the litigation.

the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id*. at 131 (quoting Iqbal, 556 U.S. at 680). Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id*.

Where, as here, the plaintiff is proceeding *pro se*, the Court should read the complaint generously and hold it "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citation omitted). "Court personnel reviewing *pro se* pleadings are charged with the responsibility of deciphering why the submission was filed, what the litigant is seeking, and what claims she may be making." *Talley v. Blue*, No. CV 19-6758 (RMB-KMW), 2019 WL 2532141, at *2 (D.N.J. June 18, 2019) (citing *Higgs v. Atty. Gen. of the U.S.*, 655 F.3d 333, 340 (3d Cir. 2011), *as amended* (Sept. 19, 2011)).

Moreover, in deciding motions under Rule 12(b)(6), courts may consider "document[s] *integral to or explicitly relied* upon in the complaint may be considered without converting the motion [to dismiss] into one for summary judgment." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (emphasis in original) (citation and quotation marks omitted).

### III.

####    A.    RACE AND AGE DISCRIMINATION

In Count I, Plaintiffs assert claims of race and age discrimination. (*See* SAC ¶¶ 4-14). To allege a *prima facie* case of race discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, or the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. 10:5-1 *et seq.*, Plaintiffs are required to plead that: (i) they are members of a protected class; (ii) they were qualified for their school bus driver positions; (iii) they suffered

adverse employment actions; and (iv) that the circumstances gave rise to inferences of unlawful discrimination such as might occur when other similarly situated persons are not treated adversely. *See Tourtellotte v. Eli Lilly & Co.*, 636 F. App'x 831, 842 (3d Cir. 2016); *Hashem v. Hunterdon Cty.*, No. CV158585FLWDEA, 2016 WL 5539590, at *12 (D.N.J. Sept. 29, 2016). Similarly, to state a *prima facie* claim for age discrimination under federal or state law,[4] Plaintiffs are generally required to plead facts sufficient to show that (i) they were member of the protected class (*i.e.*, over the age of 40); (ii) they were qualified for the school bus driver positions; (iii) they suffered adverse employment decisions; and (iv) and the Defendant ultimately filled the position with a person sufficiently younger to permit an inference of age discrimination. *Acevedo v. Monsignor Donovan High Sch.*, 420 F. Supp. 2d 337, 341 (D.N.J. 2006); *DeSantis v. New Jersey Transit*, No. CV 14-3578 (KM)(MAH), 2017 WL 5050039, at *5 (D.N.J. Nov. 3, 2017), *aff'd,* 756 F. App'x 197 (3d Cir. 2019).

Here, Mrs. Gambrell alleges that she is a "Black American Female of the age of seventy one." (Amended Complaint at 11, ECF No. 16). Mrs. Gambrell was a school bus driver employed by First Student but is presently suing the School Board because it allegedly had "total jurisdiction over all of First Student bus runs" in the school district. (SAC ¶ 5). On or about February 2, 2018, Ms. Bunnell, a School Board employee, communicated with First Student management and requested that Mrs. Gambrell be removed from her bus route within the school district. (*See* SAC, Ex. A).

Within the SAC, and the attachments thereto, Mrs. Gambrell acknowledges that Ms. Bunnell was annoyed with her for continually "writing up" students who exited through the

---

[4] The Amended Complaint is unclear whether Plaintiffs allege violations under the federal age discrimination law, that is, the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 623(a), or the NJLAD. Given Plaintiffs' *pro se* status, the Court will attempt to glean a cause of actions arising under federal or state law.

emergency door of the bus (*see id*. ¶ 7); and Mrs. Gambrell's inappropriate demeanor toward school children, (*id*., Ex. A). At oral argument, Mrs. Gambrell argued that any purported reasons for her removal were pretextual, and that the true reason was her race and age. Mrs. Gambrell further alleges that other Black bus drivers were similarly "taken off the runs" by Ms. Bunnell. (*Id*. ¶ 8). She also alleges that she was replaced by an individual of "young Indian descent." (SAC ¶ 8).

The School Board (Ms. Bunnell) also instructed First Student to remove Mr. Gambrell from his bus route within a week of Mrs. Gambrell's removal. (*Id*. ¶ 11). Mr. Gambrell describes himself as a "Black American Male of the age of seventy seven." (Amended Complaint at 11, ECF No. 16). Mr. Gambrell argues that the School Board demanded First Student to remove him from his bus route due to an erroneous allegation that Mr. Gambrell was involved in an accident while driving a school bus. (*Id*. ¶ 11). He argues that this purported reason is pretextual and the true motivation for his dismissal was his race and age, as is evidenced by his younger, Caucasian replacement. (*Id*.).

By examining Mr. and Mrs. Gambrell's allegations separately, it is conceivable for this Court to find that dismissal is warranted for failing to assert a plausible, *prima facie* claim for discrimination. But, when analyzing the complaint in its totality and in a light most favorable to Plaintiffs, Mr. and Mrs. Gambrells' claims rise to the requisite level of plausibility rendering dismissal premature. In particular, the facts that raise plausibility include, but are not limited to, the assertions that indicate Plaintiffs' removals occurred near the same time, by the same entities, and were ordered by the same individual. Thus, the Court will not dismiss the discrimination claims at this preliminary stage of the litigation.

Obviously, there is a significant liability issue hovering over the viability of Plaintiffs' discrimination claims. Namely, Plaintiffs were not employees of the School Board. As such, there would ordinarily be no liability for employment discrimination. However, there are circumstances where having control over a plaintiff's employment may be sufficient to confer liability, *Scott v. UPS Supply Chain Sols.*, 523 F. App'x 911, 912 (3d Cir. 2013); and here, there are emails from the School Board to First Student demanding that Plaintiffs be replaced, (*see* SAC, Exs. A, B). This shows, both, plausibility that the School Board had some degree of control over Plaintiffs' employment; and, at the very least, that the School Board's control over Plaintiffs' employment is a question of fact not suitable for disposition at this stage of the litigation.

For all of the foregoing reasons, the School Board's motion to dismiss Count I is denied.

### B. HOSTILE WORK ENVIRONMENT

In Count II, Plaintiffs allege a hostile work environment claim. (SAC, Count II). In order to assert a *prima facie* claim for hostile work environment under Title VII, Plaintiffs must allege: (1) that they suffered intentional discrimination because of her race; (2) the discrimination was severe or pervasive, (3) the discrimination detrimentally affected Plaintiffs; (4) the discrimination would detrimentally affect a reasonable person in like circumstances; and (5) the existence of *respondeat superior* liability. *Castleberry v. STI G*rp., 863 F.3d 259, 263 (3d Cir. 2017). "Reduced to its most basic components, an actionable hostile work environment requires proof that Plaintiff was subjected to a level of . . . harassment which was 'severe or pervasive' enough to create a working environment which is both subjectively and objectively abusive or hostile." *Hargrave v. Cty. of Atl.*, 262 F. Supp. 2d 393, 411 (D.N.J. 2003) (citation omitted).

Here, Mrs. Gambrell alleges in conclusory fashion that Ms. Bunnell harassed her for reporting children jumping off Mrs. Gambrell's school bus. (*See* SAC ¶ 7). The SAC does not

contain any factual matter describing how Mrs. Gambrell was allegedly harassed by Ms. Bunnell, or any facts describing how the purported harassment was "severe or pervasive." Without any such facts, Mrs. Gambrell cannot sustain a claim for a hostile work environment. Similarly, there are no allegations in the SAC suggesting that Mr. Gambrell was subjected to any harassment or mistreatment that would constitute a hostile work environment. Thus, Mr. Gambrell cannot sustain a cause of action for a hostile work environment, either. Fed. R. Civ. P. 8(a). For these reasons, the School Board's motion to dismiss Count II is granted. As Plaintiffs were previously afforded two opportunities to amend, Count II is dismissed with prejudice.

      C.      **CLAIM UNDER 42 U.S.C. § 1983**

In Count III, Plaintiffs allege that the School Board abridged their rights as guaranteed by the First, Fourth, and Fourteenth Amendments of the U.S. Constitution. (SAC, Count III). "Title 42 U.S.C. § 1983 provides a cause of action against 'every person who, under color of any statute of any State subjects or causes to be subjected, any citizen to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." *Wyatt v. Cole*, 504 U.S. 158, 161 (1992). "The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." *Id.* Indeed, "[t]he threshold issue presented by any § 1983 case is whether a plaintiff has sufficiently alleged a deprivation of a right secured by the Constitution." *Brown v. Commonwealth of Pennsylvania, Dep't of Health Emergency Med. Servs. Training Inst.*, 318 F.3d 473, 476 (3d Cir. 2003) (citing *Baker v. McCollan*, 443 U.S. 137, 140 (1979)).

Here, Plaintiffs assert no facts to support their contention that they suffered constitutional deprivations as a result of the School Board's purported actions. In particular, Plaintiffs do not explain how Mrs. Gambrell's removal from her bus route violated her Free Speech or Due Process

rights. Moreover, the SAC does not plausibly support any contention that Mr. Gambrell's removal due to an allegedly false hit and run report violated his constitutional rights. Thus, Plaintiffs fail to set forth a short and plain statement of a cause of action. Fed. R. Civ. P. 8(a).

Moreover, the SAC seems to allege that Ms. Bunnell—a nonparty to this suit—was responsible for Plaintiffs' removal. It is well established, however, that "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. Dept. of Social Servs. of City of New York*, 436 U.S. 658, 694 (1978). In other words, "a local government cannot be held liable under § 1983 under a theory of *respondeat superior*." *Hammon v. Kennett Twp.*, 746 F. App'x 146, 149 (3d Cir. 2018). Rather, "[p]laintiffs who seek to impose liability on local governments under § 1983 must prove that [some] 'action pursuant to official municipal policy' caused their injury." *Connick v. Thompson*, 563 U.S. 51, 60-61 (2011) (citation omitted). Here, Plaintiffs do not allege that they were removed as a result of any municipal policy or practice. Accordingly, for these reasons, Plaintiff's claim under 42 U.S.C. § 1983 fails, and Count III is dismissed with prejudice.

### D.  ADDITIONAL STATE LAW CLAIMS

Plaintiffs also plead a myriad of other state law claims, none of which are clearly plead or supported by any factual matter. Namely, Plaintiffs appear to assert: a claim for wrongful discharge under New Jersey law (Count IV); claims for emotional distress (Counts V, X, XI); breach of contract claims (Counts VI, IX); two general tort claims alleging "negligence, recklessness, carelessness" (Count VII) and "intentional, willful, wanton, malicious, and oppressive" conduct (Count VIII); a claim for libel (Count XII); and a claim for criminal harassment under N.J.S.A. § 2C:33-4 (Count XIII). Since none of these claims meet the basic

pleading requirements as set forth in Fed. R. Civ. P. 8, they are dismissed. Dismissal shall be with prejudice because Plaintiffs have had two prior opportunities to amend.

## **CONCLUSION**

For all of these reasons, the School Board's motion to dismiss, (ECF No. 36), is granted in part and denied in part. The School Board's motion to dismiss Count I is denied; and the School Board's motion to dismiss Counts II-XIII is granted with prejudice.

## ORDER

**THIS MATTER** having come before the Court on Defendant South Brunswick Board of Education's (the "School Board") motion to dismiss the amended complaint, (ECF No. 36); and the Court having carefully reviewed and taken into consideration the submissions of the parties, as well as the arguments and exhibits therein presented; and for the reasons set forth on the record, and for good cause shown; and for all of the foregoing reasons,

**IT IS** on this 20th day of May, 2020,

**ORDERED** that Defendant's motion to dismiss the second amended complaint (ECF No. 36) is **GRANTED** in part and **DENIED** in part; and is further

**ORDERED** that the School Board's motion to dismiss Count I is denied;

**ORDERED** that the School Board's motion to dismiss Counts II-XIII is granted; and it is further

**ORDERED** that Counts II-XIII are dismissed with prejudice; and it is further

**ORDERED** that the Clerk of Court shall mail a copy of this Memorandum and Order to Mr. and Mrs. Gambrell.

                                                s/Peter G. Sheridan
                                          PETER G. SHERIDAN, U.S.D.J.