UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| EUGENE C. GAMBRELL and DORIS M. GAMBRELL,<br><br>*Plaintiffs*,<br><br>v.<br><br>SOUTH BRUNSWICK BOARD OF EDUCATION,<br><br>*Defendant*. | Civil Action No. 3:18-cv-16359 (PGS)(LHG)<br><br>**MEMORANDUM AND ORDER GRANTING SUMMARY JUDGMENT** |

This matter comes before the Court on Defendant South Brunswick Board of Education's ("Defendant" or "the BOE") Motion for Summary Judgment, (ECF No. 95). Plaintiffs Eugene and Doris Gambrell ("Plaintiffs" or "the Gambrells") allege Defendant discriminated against them on the basis of their age and race, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 *et seq*. Oral argument was held on August 18, 2022. For the reasons that follow, the motion for summary judgment is granted and the case is dismissed with prejudice.

**I.**

A motion for summary judgment should be granted only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A factual dispute is 'genuine' if the

1

'evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Razak v. Uber Techs., Inc.*, 951 F.3d 137, 144 (3d Cir. 2020), *amended*, 979 F.3d 192 (3d Cir. 2020) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "A factual dispute is 'material' if it 'might affect the outcome of the suit under the governing law.'" *Id.* "The Court must view the facts and evidence presented on the motion in the light most favorable to the nonmoving party." *Id.* (quoting *Anderson*, 477 U.S. at 255).

In the District of New Jersey, a party moving for summary judgment "shall furnish a statement which sets forth material facts as to which there does not exist a genuine issue, in separately numbered paragraphs citing to the affidavits and other documents submitted in support of the motion." Local R. Civ. P. 56.1(a). The non-moving party must also furnish a responsive statement admitting or denying each fact asserted by the moving party. *Id.* Despite three opportunities to file a responsive statement, the Gambrells did not. But since they are *pro se*, the Court will "draw the relevant facts underlying the claims from available sources such as the complaint, deposition testimony, the moving litigant's Local Civil Rule 56.1 statement of material facts and supporting exhibits." *Athill v. Speziale*, No. 06–4941, 2009 WL 1874194, at *2 (D.N.J. Jun. 30, 2009) (citing *Jordan v. AllGroup Wheaton*, 218 F. Supp. 2d 643, 646 n.2 (D.N.J. 2002)).

## II.

The undisputed material facts are as follows.

Plaintiffs Eugene C. Gambrell and Doris M. Gambrell are husband and wife.[1]  (ECF No. 95-3 at 67).  Eugene "is a Black man who is currently [80] years of age (date of birth is December 30, 1941) and was 76 years of age when the events giving rise to the instant complaint occurred."  (ECF No. 95-5 at ¶1).  Doris "is a Black woman who is 7[3] years of age (date of birth is January 6, 1949) and was 69 years old when the events giving rise to the instant complaint occurred." (*Id.* at ¶2).

The Gambrells worked as bus drivers for First Student, a nationwide busing company, beginning in 2006.  (*Id.* at ¶¶13-14).  First Student assigned them routes within the South Brunswick school district, with whom First Student had contracted.  (*Id.* at ¶¶17-18).  Doris drove a route for students attending Crossroads North Middle School, *see* (ECF No. 95-3 at 7), and Eugene drove a route for students attending South Brunswick High School, *see* (ECF No. 95-3 at 69).  First Student was responsible for hiring its bus drivers and assigning drivers to routes, although the BOE had some authority to deem a bus driver "unsuitable" and to

---

[1] Because the Gambrells share the same surname, they are referred to by their given names in this memorandum in order to avoid confusion.  No disrespect is intended.

3

remove the operator.  (ECF No. 95-2 at 28, 113; ECF No. 95-5 at ¶30).[2]  First Student was also responsible for training its drivers, owned the buses driven by the Gambrells, and the Gambrells would report to First Student's Monmouth Junction facility each morning before driving their routes.  (ECF No. 95-5 at ¶¶19-20).

On February 2, 2018, First Student removed Doris from South Brunswick routes pursuant to a request from the BOE.  (*Id.* at ¶23).  The BOE "ha[d] received several complaints about her treatment of school children, commenting that they ha[d] no friends," and Doris' conduct with students had been "witnessed by a teacher[] and a paraprofessional . . . ."  (ECF No. 95-3 at 67); (ECF No. 95-4 ¶11).  As a result, the BOE's School Business Administrator, David Pawlowski, demanded she be removed from the middle school South Brunswick routes.  On one occasion, Doris and Eugene appeared at the middle school threatening the principal with litigation and telephoned Patricia Bunnell, another BOE employee,

---

[2]  The contract between First Student and the BOE provided:

> If, in the judgment of the [BOE], any driver . . . assigned to a vehicle operating under a contract awarded by this bid shall be deemed to be an unsuitable person for their position because of lack of skills necessary to perform their duties, inability to control students, failure to comply with rules and regulations, incapacity, unbecoming conduct, or other good cause, the contractor may be required to remove the driver and . . . from the route . . . .

(ECF No. 95-2 at 113).  The Court notes that the contract provided by the BOE as an exhibit to its Statement of Material Facts was for the 2016-2017 school year, although this same provision was apparently in effect for the 2017-2018 school year when the events in question took place. *See* (ECF No. 95-5 at ¶30).

4

with a "threatening tone," the BOE became concerned for students' safety with Doris driving bus routes and requested she be removed from all South Brunswick routes. (*Id.* at ¶¶1, 11); (ECF No. 95-3 at 67). Subsequently, First Student reassigned Doris to a route in the Franklin Township school district. (ECF No. 95-5 at ¶25).

On March 16, 2018, First Student removed Eugene from a South Brunswick High School route following an alleged hit-and-run accident in the high school parking lot. (ECF No. 95-3 at 69); (ECF No. 95-4 at ¶14). While departing the high school premises, Eugene backed his bus into a parked vehicle and drove off without reporting the accident.[3] (ECF No. 95-4 at ¶14); (ECF No. 95-3 at 69-70). As a result, Pawlowski demanded he be removed from his route.[4] (*Id.* at ¶16); (ECF No. 95-3 at 70-71). Eugene was removed from all South Brunswick routes on March 23, 2018. (ECF No. 95-3 at 72). First Student reassigned Eugene to a route outside of South Brunswick. (ECF No. 95-5 at ¶29).

---

[3] The accident is documented by a police report. (ECF No. 95-3 at 73-76).

[4] Before demanding the Gambrells be removed from their routes, Pawlowski did not know their race or age. (ECF No. 95-4 at ¶¶18-21).

Afterward, the Gambrells drove bus routes for other school districts until June 2018, when they resigned pursuant to a settlement agreement with First Student.[5]  (ECF No. 95-5 at ¶¶35-36).

In May 2018, the Gambrells filed charges against the BOE with the Equal Employment Opportunity Commission (EEOC).  (ECF No. 95-2 at 49-50, 56.  In September 2018, the EEOC dismissed both charges because it determined the Gambrells were not employed by the BOE, and the agency issued "right-to-sue" letters.  (*Id.* at 52, 58).  The Gambrells filed their complaint against the BOE in November 2018.  (ECF No. 1).  The Court dismissed without prejudice the Gambrells' Original Complaint for failure to state a claim.  (ECF No. 15).  The Court also dismissed without prejudice the Gambrells' First Amended Complaint for failure to state a claim.  (ECF No. 34).  The Gambrells filed a Second Amended Complaint, which sufficiently stated claims for discrimination under Title VII and the New Jersey Law Against Discrimination (LAD), although the Court dismissed all other claims.  (ECF No. 42).

### III.

To prove a *prima facie* case of race discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, or the New

---

[5]  In October 2014, the Gambrells brought a separate lawsuit against First Student in the District of New Jersey, alleging race and age discrimination.  (ECF No. 95-3 at 101-14, 129-45; ECF No. 95-5 at ¶37).

Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. 10:5-1 *et seq.*, plaintiffs are required to demonstrate facts which could convince a jury that: (i) they are members of a protected class; (ii) they were qualified for their positions; (iii) they suffered adverse employment actions; and (iv) that the circumstances gave rise to inferences of unlawful discrimination such as might occur when other similarly situated persons are not treated adversely. *See Tourtellotte v. Eli Lilly & Co.*, 636 F. App'x 831, 842 (3d Cir. 2016); *Hashem v. Hunterdon Cnty.*, No. 15-8585, 2016 WL 5539590, at *12 (D.N.J. Sept. 29, 2016). Similarly, to prove a *prima facie* claim for age discrimination under federal or state law, plaintiffs are generally required to demonstrate facts sufficient to convince a jury that (i) they were member of the protected class (*i.e.*, over the age of 40); (ii) they were qualified for their positions; (iii) they suffered adverse employment decisions; and (iv) and the Defendant ultimately filled the position with a person sufficiently younger to permit an inference of age discrimination. *Acevedo v. Monsignor Donovan High Sch.*, 420 F. Supp. 2d 337, 341 (D.N.J. 2006); *DeSantis v. New Jersey Transit*, No. 14-3578, 2017 WL 5050039, at *5 (D.N.J. Nov. 3, 2017), *aff'd,* 756 F. App'x 197 (3d Cir. 2019).

Where a defendant employer has articulated a legitimate, non-discriminatory reason for an adverse employment action, the plaintiff on summary judgment must produce evidence that creates a genuine dispute of material fact as to whether the

defendant employer's reason was pretextual. *Fuentes v. Perskie*, 32 F.3d 759, 764 (3d Cir. 1994). Here, the BOE proffers that it demanded the Gambrells be removed from their routes because Doris "ma[de] fun of" students and was "confrontational" with students and BOE staff, while Eugene was in a hit-and-run accident in the high school parking lot. (ECF No. 95-3 at 67); (ECF No. 95-4 at ¶¶11, 14). Certainly, these reasons are legitimate and non-discriminatory. In the context of education-related employment, harmful or abusive interactions with students by an employee are consistently deemed legitimate, non-discriminatory reasons for adverse employment actions. *See, e.g.*, *Ali v. Woodbridge Twp. Sch. Dist.*, 957 F.3d 174, 180-81 (3d Cir. 2020); *Francis v. Lehigh Univ.*, 561 Fed. App'x 208, 210-11 (3d Cir. 2014); *Heard v. Waynesburg Univ.*, 436 Fed. App'x 79, 80-81 (3d Cir. 2011). Likewise, an employee's vehicular accidents are also legitimate, non-discriminatory reasons for adverse employment actions. *See, e.g.*, *Donaldson v. SEPTA*, 821 Fed. App'x 128, 130 (3d Cir. 2020); *Hart v. Twp. of Hillside*, 228 Fed. App'x 159, 162-63 (3d Cir. 2007); *Doll v. Port Auth. Trans-Hudson Corp.*, 92 F. Supp. 2d 416, 422 (D.N.J. 2000).

Simply put, the Gambrells have produced no evidence which creates a genuine dispute as to whether these reasons were pretextual. They have failed to meet their burden, and there is no possibility that a reasonable jury would find in their favor. *See Fuentes*, 32 F.3d at 764. Because the BOE has demonstrated that

8

there is no genuine dispute of material fact, the Court need not reach the BOE's other arguments in support of summary judgment.[6]

In opposition to summary judgment, the Gambrells contend they have "not received proper Discovery or clear response from the Defendants South Brunswick or their attorneys[.]" (ECF No. 96 at 5). The Gambrells submit the BOE never "sent any type of discovery to plaintiffs." (*Id.*). The BOE rejects this assertion and counters that it has produce over 1,500 pages of documents for the Gambrells. (ECF No. 100 at 10). The Gambrells belated complaints about discovery are unconvincing. The discovery period ended on September 30, 2021, and since that time, the Gambrells have not filed a motion to compel discovery (Fed. R. Civ. P. 37(a)); and the Gambrells have not appealed any decision of Judge Goodman regarding discovery.[7]

---

[6] At oral argument, Gambrells asserted that they were replaced by younger, non-Black bus drivers. However, they elaborated that the only basis for this factual assertion was what they had heard via word of mouth. First, this amounts to hearsay, so the Gambrells have not presented any evidence in support of this claim which would be admissible at trial. *See* Fed. R. Evid. 802; *see also Fraternal Order of Police, Lodge 1 v. City of Camden*, 842 F.3d 231, 238 (3d Cir. 2016). Further, the Gambrells have not supported this assertion with any documentation or testimony. Additionally, the Gambrells assert that they have been "banned" from driving for busing companies other than First Student, (ECF No. 96 at 5), but they have provided no evidence that other busing companies have refused to hire them.

[7] The Gambrells also fault the BOE for apparently directly contacting several potential witnesses, but they cite no law to explain why this is impermissible. (ECF No. 112-4 at 5-6). In fact, New Jersey's Rules of Professional Conduct specifically permit attorneys to contact unrepresented nonparties. N.J. R Prof. Conduct 4.3.

The Gambrells also suggest that the Court's prior ruling denying a motion to dismiss the Second Amended Complaint means they "are still entitled to their day in Court of those aspects." (ECF No. 96 at 7). However, this confuses a motion to dismiss under Rule 12(b)(6) with a motion for summary judgment under Rule 56. A court deciding a motion to dismiss merely decides whether a plaintiff's complaint states a claim which, if proven true, would entitle the plaintiff to relief. Fed. R. Civ. P. 12(b)(6). In contrast, a motion for summary judgment asks a court to decide whether there is a genuine dispute of material fact as to a plaintiff's claim. Fed. R. Civ. P. 56. Typically, a court hears a defendant's motion for summary judgment following discovery, *see, e.g.*, *Pittsburgh Mailers Union Loc. 22 v. PG Publ'g Co.*, 30 F.4th 184, 186 (3d Cir. 2022), and decides whether the evidence uncovered could convince a jury at trial that the plaintiff is entitled to relief, *Razak*, 951 F.3d at 144. So, the Court's prior denial of dismissal has no bearing on the Court's decision to grant summary judgment at this juncture.[8]

---

[8] The Court also reviewed an additional supplemental "brief" submitted by the Gambrells, (ECF No. 112-2), but the document makes no cognizable argument.

Additionally, the Gambrells filed a "response" to David Pawlowski's certification, which raises several factual disputes, but the Gambrells do not cite anything in the record to support their assertions, (ECF No. 112-4 at 1-4), and exhibits attached to the filings were submitted by the BOE in support of its motion for summary judgment, (ECF No. 112-5).

## IV.

Finally, the Gambrells request to amend their complaint "to include key players Patricia Bunnell and Dave Pawlowski . . . ." (ECF No. 96 at 7). To the extent that this request may be construed as a motion to join parties under Fed. R. Civ. P. 20(a)(2), the motion is denied. "A plaintiff generally may join defendants in an action if the plaintiff (1) asserts a right to relief arising out of the same transaction or occurrence, and (2) 'any question of law or fact common to all defendants will arise in the action.'" *Hayden v. Westfield Ins. Co.*, 586 Fed. App'x 835, 839 (3d Cir. 2014) (quoting Fed. R. Civ. P. 20(a)(2)). However, "[a] court has discretion to deny a motion for joinder, even if the conditions of Rule 20(a) are met, in order to prevent undue delay or other prejudice to the other parties." *Bamgbose v. Delta-T Group, Inc.*, 724 F. Supp. 2d 510, 517 (E.D. Pa. 2010); *see also McPhail v. Deere & Co.*, 529 F.3d 947, 952 (10th Cir. 2008).

Here, undue delay and prejudice to the BOE counsel against granting the Gambrells an opportunity to join Bunnell or Pawlowski. Over the past four years, the Gambrells have already filed three versions of their complaint against the BOE, and nothing prevented them from joining Bunnell or Pawlowski during that time. Further, the Gambrells and the BOE have engaged in full discovery, and this matter is before the court on a motion for summary judgment. The matter is ripe for determination.

## ORDER

**THIS MATTER** having come before the Court on Defendant South Brunswick Board of Education's Motion for Summary Judgment, (ECF No. 95); and the Court having carefully reviewed and taken into consideration the submissions of the parties, as well as the arguments and exhibits therein presented; and for good cause shown; and for all of the foregoing reasons,

**IT IS** on this 2nd day of September, 2022,

**ORDERED** that Defendant South Brunswick Board of Education's Motion for Summary Judgment, (ECF No. 95) is **GRANTED.**

**IT IS FURTHER ORDERED** that the case is dismissed with prejudice. The Clerk shall close the case.

s/*Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.