UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| EUGENE C. GAMBRELL and DORIS M. GAMBRELL,<br><br>*Plaintiffs*,<br><br>v.<br><br>SOUTH BRUNSWICK BOARD OF EDUCATION,<br><br>*Defendant*. | 18-cv-16359 (PGS)<br><br>MEMORANDUM AND ORDER DENYING MOTION FOR RECONSIDERATION |

This matter is before the Court on Plaintiffs Eugene and Doris Gambrell's ("Plaintiffs" or "the Gambrells") motion for reconsideration of the Court's Order (ECF No. 122) granting Defendant South Brunswick Board of Education's ("Defendant" or "the BOE") motion for summary judgment (ECF No. 95). (ECF 13). The Gambrells argue several points in support of their contention that the motion for summary judgment should have been denied.

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *United States v. Richardson*, 2022 WL 3214410, at *2 (D.N.J. Aug. 9, 2022) (internal quotation marks and citation omitted). Reconsideration is "an extraordinary remedy that is to be granted sparingly." *Id.* (internal quotation marks and citation omitted). On a motion for reconsideration, the moving party has the burden of demonstrating that "(1) an intervening change in the controlling law has occurred; (2) evidence not previously

1

available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice" *Id.* (internal quotation marks and citation omitted). Reconsideration motions may not be used to relitigate old matters, nor to raise arguments or present evidence that could have been raised prior to the entry of judgment. *NL Indus., Inc.*, 935 F. Supp. 513, 516 (D.N.J.1996); *See* Wright, Miller & Kane, Fed. Practice and Procedure: Civil 2d § 2810.1.

While the time to file a motion for reconsideration has expired, in light of Plaintiffs' *pro se* status, the motion is reviewed. L. Civ. R. 7.1(i). *See, Erickson v. Pardus*, 551 U.S. 89 (2007).

I

There are several facts that the Gambrells request that I reconsider.

Fact 1:

The Gambrells argue they did not voluntarily or willfully resign from First Student, and they would not have agreed to a settlement with First Student if they had known it would result in a ban from employment as bus drivers in the School District of South Brunswick. (ECF No. 122 at 5-6);

Response:

As for the alleged ban from driving for busing companies other than First Student, the Court considered that argument but found a lack of evidence to support the claim. (ECF No. 117 at 9 n.6). Here, the Gambrells have not produced any evidence of the alleged "ban."

2

Fact 2:

The Gambrells deny "attack[ing]" the principal, and argue that there is no documentation from the principal supporting the allegation. (ECF No. 122-1 at 5).

Response:

Contrary to the position of the Gambrells, there is an email between Patricia Bunnell and Diana Arias of First Student reporting the incident, and requesting removal of the Gambrells from the school district. (ECF No. 95-3 at 67).

Fact 3:

Eugene Gambrell disputes his involvement in the hit-and-run incident. To prove this fact, the Gambrells offer a September 5, 2021 letter from the Gambrells to Fred Potter, President of Teamsters Local Union No. 469. In that letter, they refer to a video recording that had been previously viewed by the Gambrells and Potter, but not disclosed to the BOE. The video allegedly shows Mr. Gambrell was not involved in the hit-and-run incident, and the letter requests Potter to be a witness on their behalf. (ECF No. 122-2 at 2; previously submitted ECF No. 96 p. 10). Additionally, the letter speculates that the hit-and-run allegation was falsely devised by a student with ties to Bunnell and Pawlowski. *Id.* Similarly, the Gambrells submit a September 5, 2021 letter from the Gambrells to Diana Arias of First Student in which the Gambrells allege First Student has not produced any information or record related to the accident, such as an insurance claim or ticket

(if any), issued against Eugene Gambrell. (ECF No. 122-2 at 3; previously submitted ECF No. 96 p. 11).

<u>Response</u>:

The Gambrells previously presented the same argument in their opposition brief to the defendant's motion for summary judgment. (ECF No. 112-1 p. 3-4). Moreover, there is a police report documenting the accident as a hit-and-run, and names Eugene C. Gambrell as the driver. (ECF No. 95-3).

II

The Gambrells allege that they did not receive proper discovery or clear responses to their discovery requests from the BOE. (ECF No. 122 at 6-7). The Gambrells also allege that the BOE questioned some of Gambrells' witnesses but never advised them about the outcome of those interviews. *Id*. at 6.

<u>Response</u>:

These discovery related arguments were previously incorporated in Plaintiffs' opposition brief to the BOE's motion for summary judgment. (ECF No. 112-1 at ¶¶4, 11, 13); (ECF No. 112-4 at 5-6). There is nothing new herein.

Moreover, the Gambrell's never brought a motion to enforce or compel discovery. Further, the Gambrells' assertion that there was a lack of discovery is unconvincing because the BOE produced over 1,500 pages of documents. (ECF No. 117 at 9).

As to the allegation of improper conduct by BOEs attorneys in contacting witnesses, the Court notes that the New Jersey Rules of Professional Conduct (RPC) specifically permit attorneys to contact unrepresented nonparties, and such contact is subject to work product rules. (RPC 4.3).

## III

The Gambrells also argue that a former employee (Bonnie) was allegedly involved in more than ten motor vehicle accidents without any adverse employment action. (ECF No. 122 at 7).

Response:

This argument was previously made in Plaintiffs' opposition brief to BOE's motion for summary judgment. (ECF No. 112-1 at ¶¶4,6-8); (ECF No. 112-4 at 3). So there is nothing new here.

## IV

The Gambrells wish to amend their complaint to include Patricia Bunnell and David Pawlowski.

Response:

This request was previously made in Plaintiffs' opposition brief. (ECF No. 96 at 7). It was untimely then, and it still is now. Allowing an amendment would create undue delay and prejudice to the BOE since discovery has ended. Additionally, the Gambrell's had already filed three versions of their complaint

5

against the BOE, without joining Bunnell or Pawlowski. (ECF 117 at 11). It is untimely and futile to allow another amendment.

V

In sum, the Gambrells have not presented any new facts or law to warrant reconsideration. "A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made." *Drumgo v. Does*, No. 17-188, 2018 WL 2994394 at *1 (D. Del., June 14, 2018). Therefore, the Court finds that the Gambrells have not established a ground on which reconsideration may be granted.

ORDER

THIS MATTER having come before the Court on Plaintiffs' motion for reconsideration (ECF No. 122) and the Court having carefully reviewed and taken into consideration the submissions of the parties, as well as the arguments and exhibits therein presented; and for good cause shown; and for all of the foregoing reasons,

IT IS on this 23rd day of March, 2023,

ORDERED that Plaintiffs' motion for reconsideration (ECF No. 122) is DENIED.

s/*Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.